**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4049**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellant,

    v.

JOE JACKSON GAMBILL,

        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge. (1:10-cr-00013-jpj-pms-1)

─────────────

Submitted: January 10, 2012      Decided: August 17, 2012

─────────────

Before TRAXLER, Chief Judge, and MOTZ and SHEDD, Circuit Judges.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Timothy J. Heaphy, United States Attorney, Ashley B. Neese, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellant.  Larry W. Shelton, Federal Public Defender, Roanoke, Virginia; Nancy C. Dickenson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joe Jackson Gambill was convicted of unlawful possession of a firearm, see 18 U.S.C. § 922(g)(1), and sentenced to 78 months' imprisonment. The government appeals, challenging the district court's determination that Gambill lacked the predicate convictions necessary for sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). We vacate and remand for resentencing.

Under the ACCA, a defendant who violates § 922(g) after sustaining three prior convictions for violent felonies or serious drug offenses faces a mandatory sentence of at least 15 years' imprisonment. See 18 U.S.C. § 924(e)(1). A "violent felony" is a crime punishable by more than one year imprisonment that "has as an element the use, attempted use, or threatened use of physical force against" another person, id. § 924(e)(2)(B)(i); or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," id. § 924(e)(2)(B)(ii). Gambill concedes that two of his prior convictions are qualifying convictions under the ACCA. At issue in this case is whether Gambill's 1993 Virginia conviction for breaking and entering counts as a conviction for burglary under § 924(e)(2)(B)(ii), a legal question we consider de novo. See United States v. Foster, 662 F.3d 291, 293 (4th Cir. 2011).

2

For purposes of the ACCA, "a person has been convicted of burglary . . . if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). Whether a conviction is violent felony under the ACCA is a determination generally made categorically, "look[ing] only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." Id. at 600. In this case, however, because the Virginia statute defines burglary to include offenses that do not amount to generic burglary, we employ the modified categorical approach, which permits us to consult certain documents, including the underlying indictment, to determine whether the defendant was charged with a generic burglary. See Shepard v. United States, 544 U.S. 13, 16 (2005); Taylor, 495 U.S. at 602.

The indictment alleges that Gambill "did feloniously and unlawfully break and enter Kools Restaurant, with the intent to commit larceny." J.A. 41. The district court concluded that restaurants were not necessarily located in permanent structures and that the indictment therefore did not establish that Gambill was convicted of a generic burglary. On appeal, the government contends the allegation that Gambill broke into a restaurant

3

necessarily establishes that the crime involved a building or structure, as required by Taylor.  We agree.

We addressed this precise issue in Foster, supra, a case decided after the district court's ruling in this case.  The defendant in Foster had prior breaking-and-entering convictions under the same Virginia statute at issue here.  As in this case, the indictments in Foster alleged the name of the businesses involved -- the Corner Market and the Sunrise-Sunset Restaurant -- but did not explicitly allege that the defendant unlawfully entered a building or structure.  See Foster, 662 F.3d at 292.  This court concluded that, in light of certain intricacies of the Virginia burglary statute and the Virginia courts' interpretation of the statute, the references to a market and a restaurant were sufficient to establish that the prior convictions were for generic burglaries.  See id. at 296 ("[W]e find that the indictments' references to the 'Sunrise-Sunset Restaurant' and the 'Corner Market,' in the context of the applicable Virginia statute, ensure that Foster entered buildings or structures and was thus convicted of generic burglary for purposes of the ACCA.").

The case before us is materially indistinguishable from Foster.  And under Foster, the indictment alleging the unlawful breaking and entering of "Kools Restaurant" is sufficient to

4

establish that Gambill was convicted of a generic burglary that qualifies as a predicate offense under the ACCA.

Accordingly, we hereby vacate Gambill's sentence and remand this case to the district court for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument will not aid the decisional process.

<u>VACATED AND REMANDED</u>