**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4969**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOE JACKSON GAMBILL,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:10-cr-00013-JPJ-PMS-1)

Submitted:  November 26, 2013    Decided:  February 7, 2014

Before TRAXLER, Chief Judge, and MOTZ and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After the district court concluded that one of Joe Jackson Gambill's three previous felony convictions was not a violent felony under 18 U.S.C. § 924(e) (2012) ("ACCA"), the Government appealed. Based on United States v. Foster, 662 F.3d 291 (4th Cir. 2011), cert. denied, 133 S. Ct. 207 (2012), we determined that the conviction in question properly qualified as an ACCA predicate, vacated Gambill's sentence, and remanded for resentencing. United States v. Gambill ("Gambill I"), 492 F. App'x 427, 428-29 (4th Cir. 2012) (No. 11-4049), cert. denied, 133 S. Ct. 899 (2013).

On remand, the district court sentenced Gambill to the mandatory minimum 180 months of imprisonment. Gambill now challenges his ACCA classification again, arguing that the Supreme Court's recent decisions in Alleyne v. United States, 133 S. Ct. 2151 (2013), and Descamps v. United States, 133 S. Ct. 2276 (2013), indicate that Foster and Gambill I were incorrectly decided and that his sentence violates the Sixth Amendment. We disagree and affirm.

Alleyne overruled the distinction, for Sixth Amendment purposes, between facts that increase a statutory maximum sentence and those that increase only a statutory minimum sentence. Alleyne, 133 S. Ct. at 2155 (overruling Harris v. United States, 536 U.S. 545 (2002)). Descamps, on the other

hand, defined the circumstances under which a district court may apply the modified categorical approach. Descamps, 133 S. Ct. at 2281-82, 2284. Contrary to Gambill's suggestion, however, neither Alleyne nor Descamps addressed the question confronted in Foster and Gambill I — whether the district court's application of the modified categorical approach violated Shepard v. United States[1] by finding facts about a prior conviction that were not previously "validat[ed] by [a] process comporting with the Sixth Amendment." United States v. Thompson, 421 F.3d 278, 281-82 (4th Cir. 2005); see Foster, 662 F.3d at 295-97. In fact, Alleyne expressly left untouched the relationship between Apprendi v. New Jersey[2] and Almendarez-Torres v. United States,[3] the Sixth Amendment precedent that the modified categorical approach reconciles. Alleyne, 133 S. Ct. at 2160 n.1; Shepard, 544 U.S. at 20-21.

Accordingly, Alleyne and Descamps are of no benefit to Gambill here, and the law of the case doctrine and our inability to overrule the decision of a prior panel of this court preclude us from revisiting the issues decided in Foster and Gambill I. United States v. Fulks, 683 F.3d 512, 521 (4th Cir. 2012), cert.

---

[1] 544 U.S. 13 (2005).

[2] 530 U.S. 466, 490 (2000).

[3] 523 U.S. 224 (1998).

denied, 134 S. Ct. 52 (2013); see United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010) (noting limits on one panel of this court overruling another); United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing exceptions to law of the case doctrine). We therefore affirm Gambill's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED